NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

————————————————————————

|  |  |  |
|---|---|---|
| MARC ROVNER, Individually and On Behalf of All Others Similarly Situated, | : | |
| | : | Civil Action No. 07-178 (FLW) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| VONAGE HOLDINGS CORPORATION, *et al* | : | |
| Defendants. | : | |

————————————————————————

**WOLFSON, District Judge**

Presently before the Court is a motion by Plaintiff, Marc Rovner, Individually and On Behalf of All Others Similarly Situated, seeking remand to the Supreme Court of the State of New York, Kings County ("New York State Court"), pursuant to the concurrent jurisdiction provided by 15 U.S.C. § 77v(a) of the Securities Act of 1933 (the "Securities Act" or the "1933 Act").  For the reasons that follow, Plaintiff's Motion to Remand is denied.

## I. BACKGROUND

Beginning in June 2006, fourteen putative class action suits were filed in two district courts.  Thirteen of the actions were filed in the District of New Jersey.  The instant action was originally commenced in New York State Court and subsequently removed to the Eastern District of New York.  By Transfer Order dated January 9, 2007, the Judicial Panel on Multidistrict Litigation concluded that centralization under 12 U.S.C. § 1407 was necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources

of the parties, their counsel and the judiciary.  Pursuant to the Transfer Order, the pending actions were transferred to this Court for coordinated pretrial proceedings.

While the action was pending in the Eastern District of New York, Plaintiff moved before that court for remand to the New York State Court claiming that removal of his claims, brought solely under the Securities Act, was improper.  Plaintiff's motion was not resolved by the transferor court prior to the MDL Panel's entry of the Transfer Order and therefore is now before this Court for resolution.  See In re Ivy 901 F.2d 7 (2d Cir. 1990); In re Vioxx Mktg., Sales Practices and Prods. Liab. Litg., 416 F.Supp.2d 1354, 1355 (J.P.M.L. 2006).  Because the Complaint raises allegations under §§ 11, 12(a)(2) and 15 of the Securities Act, and does not allege any state statutory or common law violations, Plaintiff argues that the matter must be remanded to New York State Court.  Essentially, Plaintiff asserts that claims arising exclusively under the Securities Act, are not removable.

Defendants Vonage Holdings Corp., Jeffrey Citron, Michael Snyder, Sharon O'Leary, Betsy Atkins, Peter Barris, Morton David, Orit Gadiesh, J.Sandford Miller, Hugh Panero, Thomas Ridge, John Roberts and Harry Weller (the "Vonage Defendants"), and Defendants Citigroup Global Markets Inc., Deutsche Bank Securities Inc., UBS Securities LLC, Bear Stearns & Co., Inc., Piper Jaffray & Co., and Thomas Weisel Partners, LLC (the "Underwriter Defendants") (the Vonage Defendants and the Underwriter Defendants collectively referred to herein as the "Defendants") oppose Plaintiff's Motion to Remand.  Defendants assert that the plain language of the Securities Act, as amended by the Securities Litigation Uniform Standards Act of 1998 (the "SLUSA"), permits removal of this case to federal court.

2

## II.  DISCUSSION

Congress enacted the Private Securities Litigation Reform Act, 15 U.S.C. 78u-4 *et seq*. (the "PSLRA") in 1995 in an effort reign in abuses in private class action securities litigation. Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294, 298 (2005)(*citing* H.R. Conf. Rep. No. 104-369, at 32-37 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 730-32).  A number of procedural and substantive reforms were implemented under the PSLRA, including "more stringent pleading requirements to curtail the filing of meritless lawsuits", Rowinski, supra, 398 F.3d at 298, and the requirement that plaintiffs filing securities class actions publish notice of the pendency of the class action to solicit prospective lead plaintiffs and thereafter move before the court for appointment as lead plaintiff, In re Cendant Corporation Securities Litigation, 404 F.3d 173, 194 n.11 (3d Cir. 2005).

"By 1998, Congress concluded that plaintiffs were circumventing the requirements of the PSLRA by filing private securities class actions in state rather than federal court."  Rowinski, supra, 398 F.3d at 298.   To close this perceived loophole, Congress enacted the SLUSA which authorized removal and federal preemption of certain state court securities class actions.  Id. (citing 15 U.S.C. § 78(a)).   The dispute in the instant Motion to Remand centers on whether in enacting Section 22(a) of the SLUSA [15 U.S.C. § 77v(a)] Congress intended to provide for exclusive federal jurisdiction in class action cases as Defendants suggest, or whether, as Plaintiff contends, Congress intended to limit removal of class action cases to those class action complaints that are based on state statutory or common law.

To answer this question, the Court turns to the language of the SLUSA, which provides, in pertinent part:

The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, ***except as provided in section 77p of this title with respect to covered class actions***, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter . . . . ***Except as provided in section 77p(c)*** of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

[15 U.S.C. § 77v(a)(emphasis added)].  The removal provision of the Securities Act, referenced in 15 U.S.C. § 77v(a) provides:

(c) Removal of covered class actions

Any covered class action[1] brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

[15 U.S.C. 77p(c)].  Subsection (b) referenced therein provides as follows:

(b) Class action limitations

No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging –
   (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
   (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

---

[1]      "Covered class action" is defined to include "any single lawsuit in which . . . one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members."  15 U.S.C. §77p(f)(2)(A)(i)(II).

Interpretation of the foregoing provisions of the SLUSA and the Securities Act presents an issue of first impression in this district.  The Court notes, however, that a split exists among the districts that have addressed the issue.  A number of courts have determined that section 77v(a) of the SLUSA, by referencing section 77p(c), excepts from concurrent jurisdiction of the states only those class actions that are based on state law alleging false or misleading statements or deceptive or manipulative devices in connection with the purchase or sale of a covered security.  See, e.g., Nauheim v. Interpublic Group of Companies, Inc., No. 02-C-9211, 2003 WL 1888843, at *5 (N.D.Ill. Apr. 16, 2003)(finding removal of complaint improper where plaintiff's complaint is based entirely on federal securities law); In re Tyco International, Ltd., 322 F.Supp.2d 116, 121 (D.N.H. 2004)("Neither the text nor the legislative history of SLUSA support the view that cases that are based exclusively on the Securities Act are removable under § 77p(c)."); and In re Waste Mgmt. Inc. Sec. Litig., 194 F.Supp.2d 590 (S.D. Tex. 2002)(finding that removal under section 77v(a) only applies to those class action cases asserting state statutory or common law claims).

Other courts, however, examining both the language and the legislative history of the SLUSA, have concluded that Congress intended by the language in 77v(a) to divest state courts of concurrent jurisdiction over all covered class actions, regardless of whether they raise state law claims in addition to claims under the Securities Act.  See, e.g., Alkow v. TXU Corp., Nos. 3:02-CV-2738-K, 3:02-CV-2739-K, 2003 WL 21056750, at *2 (N.D. Tex. May 8, 2003)("[b]ased on the language of the statute and the congressional findings in SLUSA" removal of class actions based entirely on the 1933 Act is proper.); Brody v. Homestore, Inc., 240 F.Supp.2d 1122, 1123 (C.D. Cal. 2003)(finding class actions brought solely under the 1933 Act removable); Lowinger

v. Johnston, No. 3:05CV316-H, 2005 WL 2592229, at * 4 (W.D.N.C. Oct. 13, 2005)(finding

removal of all 1933 Act claims regardless of whether they raise state law claims consistent with

the intent of Congress).   This Court is in agreement with the conclusion reached in these cases,

and therefore denies Plaintiff's Motion to Remand for the reasons set forth below.

First, as Defendants point out, Plaintiff's Motion to Remand completely ignores the

amendment to the first sentence of the SLUSA concerning jurisdiction.  In amending the first

sentence of section 77v(a), Congress replaced concurrent jurisdiction with exclusive federal

jurisdiction over "covered class actions . . . brought to enforce any liability or duty created by

[the Securities Act]."  Thus, under the plain language of section 77v(a), there exists exclusive

federal jurisdiction over claims which (i) are brought to enforce the rights and liabilities created

by the Securities Act; and (ii) are covered class actions.  Once the foregoing requirements are

met, the case may be brought in federal court because it falls within the exception to concurrent

jurisdiction set forth in section 77v(a).

Significantly, none of the case law cited by Plaintiff in support of his contention that state

courts have concurrent jurisdiction over class action cases even addresses the jurisdictional

provision in section 77v(a).  As Defendants point out, however, numerous courts have

recognized the exclusive jurisdiction that federal courts maintain over Securities Act class

actions following the 1998 SLUSA amendments.  See California Public Employees' Retirement

System v. WorldCom, Inc., 368 F.3d 86, 98 (2d Cir. 2004)(noting that SLUSA expanded federal

jurisdiction over class actions by making "federal courts the exclusive venue for class actions

alleging fraud in the sale of certain securities"); In re King Pharms., Inc., 230 F.R.D. 503, 505

(E.D. Tenn. 2004)("SLUSA amended 77v(a) to divest state courts of concurrent jurisdiction over

covered class actions and to provide for removal of these cases to federal court."); <u>Kulinski v. AM. Elec. Power Co.</u>, No. Civ.A.C.-2-03-412, 2003 WL 24032299, at *2 (S.D. Ohio Sept. 19, 2003)(accepting argument that "after SLUSA was enacted, federal and state courts still had concurrent jurisdiction over Securities Act claims except as provided in [section 77p] with respect to covered class actions.").

To determine statutory meaning, the Court must follow the "cardinal rule that a statute is to be read as a whole, . . . since the meaning of statutory language, plain or not, depends on context." <u>King v. St. Vincent's Hosp.</u>, 502 U.S. 215, 221, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991). Moreover, it is a basic tenet of statutory construction that courts must interpret a statute to give meaning to each provision so as to "avoid statutory interpretations that render provisions superfluous." <u>State St. Bank and Trust Co. v. Salovaara</u>, 326 F.3d 130, 139 (2d Cir. 2003). This Court agrees with Defendant that Plaintiff's analysis of the removal provision in section 77v(a), and the case law relied upon by Plaintiff in support thereof, completely ignores the jurisdictional provision in section 77v(a), which this Court finds grants exclusive jurisdiction to federal courts over all covered class actions regardless of whether they raise state law claims.

Additionally, an examination of the language of the removal provision of section 77v(a) and the legislative history of the SLUSA convince this Court that Congress intended by its amendment to the SLUSA to limit concurrent jurisdiction to those claims pursued on an individual plaintiff basis. Plaintiff contends that the cross-reference to section 77p(c) in the removal provision of section 77v(a) insulates those class actions raising strictly Securities Act claims because section 77p(b) referenced in section 77(c) provides only for the preemption of actions brought under state law. This Court cannot accept Plaintiff's interpretation given the

7

express language of section 77v(a), which bars removal of cases "arising under" the Securities Act, "except as provided in section 77p(c)." As Defendants point out, for the "arising under" exception to have meaning, it must apply to some subset of cases that actually arise under the Securities Act. Under Plaintiff's interpretation of section 77p(c), the exception would only apply to claims arising under state law. This cannot be what Congress intended as state law claims do not "arise under" the Securities Act, but rather under state law. If Congress had indeed intended to limit the exception to non-removability to state law claims of the type described in section 77p(b), then that section read in conjunction with section 77p(c) accomplishes that purpose without any amendment to section 77v(a).

A review of the legislative history of the SLUSA supports this Court's interpretation of section 77v(a) as requiring removal of all class action cases, regardless of whether the plaintiff additionally asserts state law claims. The congressional findings of the SLUSA state:

> The Congress finds that –
>
> (1) the Private Securities Litigation Reform Act of 1995 sought to prevent abuses in private securities fraud lawsuits;
> (2) since enactment of that legislation, considerable evidence has been presented to Congress that a number of securities class action lawsuits have shifted from Federal to State courts;
> (3) this shift has prevented that Act from fully achieving its objectives;
> (4) State securities regulation is of continuing importance, together with Federal regulation of securities, to protect investors and promote strong financial markets; and
> (5) in order to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the Private Securities Litigation Reform Act of 1995, it is appropriate to enact national standards for securities class action lawsuits involving nationally traded securities, while preserving the appropriate enforcement powers of State securities regulators and not changing the current treatment of individual lawsuits.

8

[P.L. 105-353, § 2].  Because the PSLRA failed to achieve Congress's goal in curtailing meritless class actions alleging fraud, Congress enacted the SLUSA to "make[] Federal court the exclusive venue for securities class actions."  Secs. Litig. Unif. Standards Act: Hearing of the Fin. and Hazardous Materials Subcomm. of the H. Commerce Comm., 105th Cong.  The Court agrees with those district courts which have found an interpretation of section 77v(a) to require removal of only those securities class action cases raising state law claims to be irreconcilable with the congressional findings.  Instead, I find that the plain language of the statute, coupled with the legislative history and a healthy dose of common sense compel the conclusion that this class action, which alleges only federal Securities Act claims, was removable.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is denied.  An appropriate order will follow.


                                   s/ Freda L. Wolfson
                               Honorable Freda L. Wolfson
                               United States District Judge

Dated: February 5, 2007